**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1409
_____

UNITED STATES OF AMERICA

v.

MICHAEL A. INGALLS, JR.,
a/k/a MIGHTY MIKE, a/k/a MIGHTY,


Michael A. Ingalls, Jr.
                                        Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(No. 1-13-cr-00359-001)
District Judge:  Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2015

Before:  CHAGARES, JORDAN, and VANASKIE, <u>Circuit Judges</u>.

(Filed: March 17, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael A. Ingalls, Jr., appeals his sentence for conspiracy to commit bank fraud and mail theft. He argues that the District Court incorrectly applied a role enhancement, incorrectly calculated his criminal history category, and failed to consider adequately his request for a lesser sentence based on the factors enumerated in 18 U.S.C. § 3553. For the following reasons, we will affirm the District Court's judgment of sentence.

I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition. Ingalls was charged with conspiracy to commit bank fraud and possession of stolen mail. He and another conspirator stole checks addressed to businesses, altered the payee and, on occasion, the amounts on the checks, and recruited individuals to cash the stolen checks. The check cashers received a payment equivalent to roughly ten percent of the total, and Ingalls and his conspirator split the remainder. The scheme resulted in over $360,000 in losses.

Ingalls pled guilty pursuant to an agreement with the Government. At sentencing, the District Court applied a three-level enhancement for Ingalls's leadership role in the conspiracy, pursuant to § 3B1.1 of the advisory Sentencing Guidelines.[1] The stipulated plea agreement did not provide for any role enhancement. The Probation Office recommended a four-level role enhancement, and Ingalls argued that he was not an organizer within the meaning of the section and that no enhancement was warranted on the facts of the case.

---

[1] The District Court found that Ingalls had a slightly lesser role than his co-conspirator, who received a four-level enhancement under the same Guidelines section.

The District Court also found that a 1995 conviction should count toward Ingalls's criminal history, which moved him from a criminal history category of IV, as calculated in his presentence report, to a criminal history category of V. The District Court found that the sentence was within the timeframe provided in U.S.S.G. § 4A1.2. Ingalls argued that Application Note Seven to § 4A1.2 should have been read to exclude the 1995 offense from his criminal history calculation.

After addressing these two issues, the District Court considered the remainder of the factors enumerated in 18 U.S.C. § 3553(a). Finding no reason to depart from the sentencing range of 100 to 125 months as given by the Guidelines calculation, the Court sentenced Ingalls to a period of one hundred months of imprisonment — the minimum within-Guidelines sentence as calculated by the Court.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a). Ingalls filed his notice of appeal out of time, but we have held that Federal Rule of Appellate Procedure 4(b) is not a jurisdictional bar to our consideration of an appeal if the Government forfeits its untimeliness argument. See Virgin Islands v. Martinez, 620 F.3d 321, 327–29 (3d Cir. 2010). The Government waived its right to seek dismissal on timeliness grounds, Gov't Br. 3, and thus we consider the appeal on the merits.

In general, we review a district court's sentencing decisions for abuse of discretion, and we consider both the procedural and substantive reasonableness of the sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Where a

3

particular Guideline sets forth a "predominantly fact-driven test," our review of the application of that Guideline is for clear error. United States v. Richards, 674 F.3d 215, 223 (3d Cir. 2012).

III.

Ingalls's first argument is that the District Court erroneously applied a three-level enhancement to his offense level for his role in the conspiracy. The language of the enhancement provides for a three-level increase if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). Our review of a district court's decision to apply the § 3B1.1 enhancement is for clear error. Richards, 674 F.3d at 221; see also United States v. Starnes, 583 F.3d 196, 216–17 (3d Cir. 2009). "A finding is clearly erroneous if, after reviewing all of the evidence, we are left with a firm conviction that a mistake has been made." United States v. Belletiere, 971 F.2d 961, 969 (3d Cir. 1992).

We hold that the District Court did not clearly err by applying the role enhancement to Ingalls. While Ingalls's plea agreement did not provide for a role enhancement, both parties recognized that the stipulations contained in the plea agreement were not binding on the Court, and the Probation Office suggested a four-level role enhancement. At the sentencing hearing, Ingalls's own attorney stated that "he was in the scheme of things perhaps something more of a two or three step at best manager role." Appendix ("App.") 47–48. Even in his brief on appeal, Ingalls concedes that he "instruct[ed] those he enlisted [on] how the scheme worked." Ingalls Br. 19. Instructing

4

individuals who are enlisted to participate in an enterprise on their role and duties is precisely what a "manager or supervisor" does, and this fact supports the District Court's finding about Ingalls's role in the activity.

The District Court also found that Ingalls received roughly equal shares in the profits to those of his co-conspirator, who received a four-level increase, and that both directed the activities of the check cashers. And it is undisputed that the criminal enterprise involved more than five participants. On these facts, we cannot conclude that the District Court's application of the role enhancement was clearly erroneous.

Ingalls also argues, for the first time on appeal, that application of the Guideline amounts to impermissible double counting. At the outset, Ingalls did not raise this argument below and our review is thus only for plain error. See United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001). Further, double counting is contemplated under the Guidelines and is permissible unless specifically prohibited. See United States v. Fisher, 502 F.3d 293, 309 (3d Cir. 2007).

Ingalls fails to explain precisely how the sentencing enhancement for his role constitutes double counting, though he seems to contend that the role enhancement impermissibly overlaps with the Guidelines enhancements for the theft amount and the number of victims. Ingalls Br. 15. The Guidelines applied here do not specifically prohibit double counting and the enhancements are not coextensive. The enhancements for the theft amount and number of victims are contained in the same Sentencing Guideline, § 2B1.1, and are clearly intended to apply cumulatively. The role enhancement addresses separate concerns "about the relative responsibilities of those

5

involved in the commission of the offense." United States v. Wong, 3 F.3d 667, 672 (3d Cir. 1993). The sole case Ingalls relies on is nonprecedential, and thus not binding on this panel, and is inapplicable in any event. The law at issue in that case contained a requirement that the criminal conduct involve more than five persons, and thus we held that an enhancement for involving more than five persons was already contemplated by the statute and not applicable to the defendant.

Ingalls also argues that the District Court incorrectly calculated his criminal history by including a conviction for a crime he committed when he was a minor that he argues was too old to factor into the calculation. We disagree. Ingalls was sentenced to concurrent terms of four and five years of imprisonment on November 3, 1995. The District Court concluded that § 4A1.1(a) of the Sentencing Guidelines applied and added three points to Ingalls's criminal history calculation for a prior sentence exceeding one year and one month. Even though the offense was committed before Ingalls reached the age of eighteen, he was sentenced as an adult, and so the calculation applied pursuant to § 4A1.2(d), which governs convictions where "the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(d).

Ingalls argues that his prior conviction should not have been counted pursuant to Application Note Seven of § 4A1.2, which provides that "for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of

6

the instant offense are counted." U.S.S.G. § 4A1.2, cmt. n.7. Ingalls contends that the language in this Note is ambiguous and that the word "or" should really be read as "and," meaning his 1995 conviction would not count toward his criminal history category because he was released more than five years ago. We disagree that the language is ambiguous and hold that the District Court correctly concluded that his 1995 conviction should count toward his criminal history calculation because it was an adult sentence with a term of imprisonment exceeding one year.

Next, Ingalls argues, for the first time on appeal, that his prior conviction was outside of the fifteen-year timeframe for considering prior convictions. See U.S.S.G. § 4A1.2(e). The parties dispute the precise timing of the current criminal conduct and whether we should use Ingalls's prior conviction date or sentencing date as the date the clock began to run on the fifteen-year period. We need not resolve this dispute, however, because the Sentencing Guidelines provide that the sentencing court should "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1) (emphasis added). It is undisputed that Ingalls was incarcerated during some part of the fifteen-year period prior to the beginning of the criminal conduct at issue here, and thus the conviction was properly counted toward his criminal history.

Finally, Ingalls argues that the District Court failed to consider fully his request for a lesser sentence based on the factors set out in 18 U.S.C. § 3553(a). The sentencing court must demonstrate a "meaningful consideration of the relevant statutory factors."

7

United States v. Grier, 475 F.3d 556, 571–72 (3d Cir. 2007) (en banc).  It did so.  The District Court gave the Government and defense counsel the opportunity to argue what the appropriate sentence should be "taking all factors into account under 3553(a)."  App. 64.  After considering the possibility of a variance, the District Court went through a thorough discussion of the relevant factors and ultimately sentenced Ingalls to the bottom of the correctly-calculated Guidelines range.  We see no error in the District Court's consideration of the § 3553(a) factors.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.